Thank you both for traveling from Spokane to see us. We always enjoy an argument from you. I'm not mistaken, I think your primary interest in this case is the ACCA issue as with the previous case. And I'm not going to present any extensive argument on our other issues that were raised in the brief. But I do want to say with regard to the two issues as to the guilt phase, the justification defense and the prior conviction evidence, I would just ask the Court to look at those closely. I realize that the current state of the law is contrary to our position, but often I'm reminded of a quote by George Patton, if everybody's thinking the same, then somebody isn't thinking. Kennedy The problem is one, we don't have power to reconsider a three-judge opinion of our own court. Smith I understand that. Kennedy I mean, you can preserve that for an amendment. Smith I just want to make that understood, that we realize what the state of the law is, but we think there are good reasons that that needs to be reconsidered. You may not have the power to do it in this particular case, but I wanted to make you understand why I'm not presenting a lot of argument on that. But I don't want it to be overlooked entirely. On the ACCA issue, I take a different tact on this than either of the parties in the case. The person did, or was alleged to have done, but what they were convicted of doing. And that's a distinction that gets overlooked, I think, almost routinely in these cases, whether it's ACCA or whether it's under the guidelines. Kennedy Well, under the modified categorical approach, we're really looking at what was the person actually convicted of? Not what they did. What were they convicted of? So you look at the documents that establish that conviction. Rarely there's going to be a question of whether or not a person was convicted. There's only going to be a legal issue as to what that conviction was for, whether legally that conviction qualifies as a violent offender. Washington burglaries aren't normally going to make it under a categorical approach. Kennedy I understand. But we still have this modified categorical approach in our precedent. Kennedy And So what shows, in terms of plea colloquies or jury decisions, the kinds of things we can consider? Kennedy Well, let me suggest that if you really read Taylor, the modified categorical approach was stated to be only for very limited circumstances. And I would suggest that if you read that case carefully, what they were talking about is statutes that have alternative means of conviction. I think they actually use that language. So you have alternative elements. You can you could present this set of elements to the jury or another set of elements to the jury. And if it's not clear from the from the documents establishing the conviction which set of elements was involved, then you can look to jury instructions to determine whether it was one alternative or the other. And that makes sense because you're now you're looking at what were the elements of the crime of conviction. You don't get into any factual inquiry about was it a building, wasn't it a building, what did the person actually do, did it have a dress? You don't get anything factual. Kennedy Can I interrupt you just a second and remove our consideration from the abstract to the concrete? Okay. The information states that Smith entered or remained unlawfully, quote, in the building of Econo Self Service at 1215 East Lewis Street, Pascoe, Franklin County, Washington. He pleaded guilty to the information. What more do we need? I would argue that there's there's really nothing that could make this an act of qualified offense that the government could present in this case, and I'll explain why in the most practical terms I can think of. Let me say I'm I'm I was I wasn't but let me say I represented Mr. Smith at trial. Mr. Smith admits to me I went to that Econo service station, but I didn't go in the inside the service station when there was this fenced area outside or there was something there was maybe a vending machine attached to the building. And that's all I did was I broke into that. And as his lawyer, I tell him, well, under Washington law, that counts as breaking into the building. So you're guilty of going into the building under those facts. So Mr. Smith, even at the colloquy, says, yes, I went into the building because as under Washington law, under the definition of building, he did go into the building. So the plea quality, not only did he go into the building, but he pleaded guilty to having entered and remained unlawfully in the building and the judgment of conviction says that he pleaded guilty to account one burglary in the second degree as charged in the information herein. I understand. But again, it doesn't tell you what that building is. And under the law, by saying he went into a building doesn't mean he committed a common law burglary under federal law. Because again, the law says even if he went into a fenced area, and I think Wenner actually bought a residence, a fenced area, he went into the building. So his saying or agreeing that he went into a building doesn't help. It doesn't help at all. It doesn't tell you whether or not he committed a common law burglary. And that's the problem with the way the approach has been in these cases. Once you start getting into factual inquiries, you simply get outside the realm of what the person was actually convicted of. And you start talking about what they did. But that's we've applied this modified categorical approach in an awful lot of cases. I mean, it's more precedence applying that than raindrops on a Seattle winter day. So that may be. But it's it's very problematic. And again, I think it's contrary to what this what ACCA says, which says it's the conviction that counts, not what the person was alleged to have done, not even what they may have admitted to doing. It's what they were convicted of that is the precedent. And I think that's what needs to be focused on. Can we hold some time for rebuttal? It's up to you. Yes. Can continue now or. I would like to just spend a short moment talking about the other issue, which is the use of the firearm connection with a crime of violence. Again, we have the same problem of getting into the judge making determinations of something that may or may not have happened, that there has been no actual charge for no determination by a jury, no rules of evidence. Defendant gets essentially found guilty of a different crime than what he was convicted of, punished for that crime without any constitutional protections. And I think that needs to be looked at as well. Thanks. OK. Good morning, Your Honors. May it please the Court, Russ Smoot on behalf of Mr. Ahmed, who was trial counsel as well as appellate counsel. Your Honor, in reviewing the briefs as well as the excerpts of record and supplemental excerpts of record, I really made a few points for each issue that was presented. But I see that the Court is really very much interested in the Armed Career Criminal Act today. And if the Court has direct inquiries right now from the government, I could just start with those. Well, how do you respond to the question that all I really might have admitted to is to breaking into a vending machine outside the kind of, that's a building. I think, Your Honor, really the purpose of the Taylor and Shepard line of cases that we have when we determine these questions, especially in Washington, where burglary may include a vehicle or something other than a building, is that the courts, the Supreme Court, has really attempted to narrow down what is the evidence that we can use to look at this. I mean, how do we determine? We can certainly look at nothing, and then everything is speculative. But what can we look at that's concrete? Shepard narrowed that down to certain documents. And in this case, we have the documents that Shepard really has directed us to look at. In all three of these burglaries, and I would remind the Court that it does take three offenses for the Armed Career Criminal Act to apply, the defendant, there was no question about two of the prior violent felonies that the defendant had. And really what we're looking at is which one of three possible burglaries establishes that requisite threshold. In all three of them, we have statements not just alluding to something, not just one, but concerning the burglary involving the gas station or the econo self-serve, the statement within the plea, statement on the plea was, I unlawfully entered the econo self-service station in Pasco with the intent to commit the crime of theft inside. Cigarettes, beer, and a small safe were taken. Concerning the other, one of the other burglaries concerning the Dave's Country Store, the statement on the plea was, I entered Dave's Country Store when it was closed to the public with the intent to take property from the store. Again, these are statements by the defendant as to exactly what he did entering or inside. Finally, the third burglary, which was a burglary of a restaurant called the Red Steer. It said, in Benton County, I broke into the Red Steer, and then again into the Red Steer without the owner's permission to steal what I could find of value. Those are just the plea statements. As the court has already referenced, the breaking into a building has been alleged within the information concerning this case. So it's a very long answer, but the response is that we do have guidance as to what to look for. And if, and if we. When you say breaking into a building, the problem is the building is defined rather artificially in California law, and we don't, we don't know exactly what that means. Now, maybe when you say breaking into a store to see what I could find inside, or whatever that one was, that, that goes further, perhaps, but. I believe it does, Your Honor. And I believe that in this case, there was considerable discussion on the record, both noted in the excerpts of record as well as the supplemental excerpts of record concerning the court's evaluation of these and evaluation of these statements. There is a reference that I wanted to make that within the court's memorandum of opinion, the court notes that actually cites to the pre-sentence investigation report, and that while it would probably be better if the court had cited to the actual exhibits of prior convictions that were admitted, it might be a little clearer, but it's, it's not just that it would be clearer, it's permitted. It's not from that pre-sentence report. Isn't something that you're entitled to rely on. I think in this case, I agree, Your Honor. I believe in this case, it's more of a reference to where those convictions were referenced by the pretrial service or the probation officer that did the report. It's very clear within the record that all five violent felony convictions were admitted as exhibits, and they were discussed not only by the court with counsel, but there was also reference to those during the, while the defendant took the stand at sentencing. The convictions, the convictions themselves, and not merely the PSR in the record. Correct. The convictions, all five of them were entered or admitted without objection as exhibits, S1, S2, S3, 4, and 5. And the plea statements that you were talking about were part of the certified record of conviction from the state court? Your Honor, as I prefaced, I was not trial counsel. I am, my review of the record in the way that the court discussed the admission of those, the record seems clear to me that when these convictions were entered, the court specifically discussed stapling these papers together. The court discussed the statements that were on that prior, that last page of the plea statement. Which they referred to as the plea statement. Correct. So, and I mean, the only other way to answer that would be off the record concerning my conversations with trial counsel. But I believe that truly within the record, I believe that I can glean that the court discussed those statements during the sentencing hearings and would therefore have those statements in front of them. Apart from the ACCA issues, is there an argument asserted in the, in the briefing under Booker as to whether the sentence is reasonable? Yes, Your Honor. I don't know that it was specifically articulated, set forth as necessarily this is a reasonable sentence or that this was a guideline analysis and it is reasonable within the government's brief. But I would note that because this sentencing occurred in April, not more than a few months after Booker, still in that post-Booker question that many judges had as to how to approach this, there is considerable discussion. I would note that the record itself reflects that the district court, the judge discussed sentencing in excerpt of records 283 to 299, almost 16 pages of transcripts where the court went into the fact that the guidelines were advisory, that the guideline analysis through the ACC qualification came to be 262 to 327 months. The court noted that it considered factors beyond that, but I think what's really significant is that the court went through its analysis and said, okay, under the ACC, the defendant is facing a mandatory minimum of 15 years. In discussing the sentence with the defendant, the court noted that at a 22 year sentence, approximately, which was what was given at the 262 low end of the guideline amount, that the defendant would effectively serve about 18 years, I'm presuming count factoring in good time, and that for a defendant with five prior violent felony convictions, an effective sentence of 18 years was very reasonable within the fact that the mandatory minimum was 15 years in itself. Now, again, I qualify that because obviously there's no guarantee that a defendant will earn good time, but that was part of the court's analysis as to the reasonableness of the sentence. The United States would simply ask the court to affirm the conviction and sentence. All right. Mr. Wall. Thank you. With regard to the ACCA issue, again, I would ask the court to look at Chang v. INS, I didn't cite this in my brief, but I did find this in preparing for this argument, it's 307F3-1185, it's a Ninth Circuit case, dealt with a slightly different issue, but the court noted that in looking, making factual inquiries in this case as to the amount involved in a fraud conviction, the court would be divorcing from the conviction requirement, the requirement of the dollar amount that was necessary to make it a predicate offense. And I'd suggest that what this government's asking you to do here is the same thing. To divorce from the requirement of a conviction, the additional requirement that it be a common law type burglary and not some other kind of burglary. Again, the statements that were cited by the government don't answer that question of what the defendant was actually convicted of. As far as the issue of the additional time that was given to the defendant, because the trial judge concluded that he had the time to sentence him, the judge has to find a factual predicate for the plea of guilty. Correct. He relies on either stipulated statement by the attorney, depending on state practice, or what the defendant says. Here he says, he unlawfully entered a self-service dispute. He unlawfully entered the Davis County store with intent to take property from the store. And he unlawfully entered the Red Stair restaurant to steal what he could take inside. You say that we shouldn't worry about what he says he did, but only what he was convicted of. But he can't be convicted of those three burglaries unless there's a factual predicate. And the court relies on what he said to convict him of those acts. Am I missing something? I think so, yes. What's missing in that analysis is the factual finding that someone entered a building is based upon the definition of a building under Washington law. So that factual finding does not address the question of whether the person committed a generic burglary. It only answers the question of whether they committed a Washington burglary. Is there any precedent as to whether in assessing a statement in a plea code or in a plea agreement, we can look at the plain meaning of words as opposed  I haven't found any. And again, I think that is extremely problematic because in this particular instance, because a building is defined so broadly under Washington law, a defendant who admits to entering a building and uses that word even in a plea colloquy may in fact only be admitting to conduct that would not constitute a generic burglary. It could be going inside a fenced area, for example. What about the sentence that your colleague referred to saying, I entered the restaurant or I entered the convenience store? Is that the same argument? Certainly. Because I went into the store to rob it, that he could just be going to the vending machine? Certainly. It could be going to a fenced area that's connected to or close to the restaurant that under Washington law would be considered part of the store or the restaurant. So that admission How would someone ever admit to entering a true building, let's say, a traditional building, under your clients? I think only if the trial judge made very specific inquiries about well, what did this building consist of? Did it consist of anything more than the building itself? Did you actually go through a door inside the main part of the building? Were there any structures that would have counted as a building under Washington law that would not count as a building for generic purposes? Was this building not a container? Was it not a trailer? Was it not a vending machine? But is there any precedent that imposes that kind of duty on a trial judge? Yeah. I mean, I realize we could accept your argument and say that, but Not for purposes of taking a plea. Because for purposes of taking a plea in Washington state, they don't need to make that determination. So they're probably not going to. So that's the problem. You're reviewing something that was done in state court under completely different circumstances than when you're looking at this for federal sentencing. But for federal sentencing, I think Taylor does require that. I think Taylor requires that whatever you're looking at has to establish clearly that it was a generic burglary. And I think it's very difficult and almost impossible with We're putting aside Taylor, though. Okay. Which might be subject to argument. Exactly what is it? Well, actually, Taylor and Wenner. The Wenner case. This actually deals directly with this issue. Is there any Ninth Circuit precedent that says that in assessing the state court record, we have to hold the judge who took the plea in state court to the standard that you're suggesting? I'm not aware of any case that states that directly. But I think that's what naturally flows from Wenner. But do you think that flows from Wenner? And Taylor. Yes. Okay. Well, your time is up. We've taken you past the end because it's an interesting issue. The case will be submitted. We thank both counsel for their argument. And again, for traveling from Spokane, we appreciate it. Can we take a 10-minute break? Sure. The panel will take a 10-minute recess. All rise. This court is stamped in recess for 10 minutes.
judges: Canby, Gould, Bea